UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAZLEY, | No. 2:16-cv-1261 AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| CALIFORNIA CORRECTIONAL HEALTH CARE DEPARTMENT, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant. | |

Plaintiff is a state prisoner at the Correctional Health Care Facility (CHCF), under the authority of the California Department of Corrections and Rehabilitation (CDCR), who is provided medical and mental health care under the umbrella services of CDCR's California Correctional Health Care Services (CCHCS). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.[1]

---

[1] Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct (continued…)

This court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

In the instant case, plaintiff seeks to challenge the suspected disclosure of his confidential medical, mental health and/or custodial information to unknown recipients due to the February 25, 2016 theft of an unencrypted laptop from the personal vehicle of a CCHCS employee. The possible disclosure was identified as a "potential breach" on April 25, 2016, and inmates were informed by letter dated May 16, 2016. Plaintiff alleges that this "potential breach" violated his rights under California's Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §§ 56 et seq., and constituted "deliberate indifference to plaintiff's medical privacy rights" under the Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983. The only named defendant is the "California Correctional Health Care Department." Plaintiff seeks $250,000 in damages. Plaintiff avers that no prison administrative remedy was "available" to him to grieve this matter. See 42 U.S.C. § 1997e(a) (the Prison Litigation Reform Act (PLRA) requires that prisoners exhaust all available administrative remedies before commencing a civil suit).

As a threshold matter, the speculative allegations of the complaint fail to meet the "plausibility" requirement for stating a cognizable claim for relief. Rule 8, Federal Rules of Civil

---

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Procedure, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). Here it is not clear that plaintiff's confidential information was inappropriately disclosed to a third party.

More importantly, the complaint fails to state a cognizable federal claim. Section 1983 accords individuals the right to pursue a civil action against a state actor who has violated his or *federal* constitutional or statutory rights. See 42 U.S.C. § 1983; Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff ] to demonstrate a violation of federal law, not state law."). Here plaintiff's complaint rests on an alleged violation of California's CMIA, a state law. The CMIA does not provide a basis for federal jurisdiction. See Huling v. City of Los Banos, 869 F. Supp. 2d 1139, 1154 (E.D. Cal. 2012) ("California's [CMIA] is a state law. Section 1983 provides a civil action against state actors who violate federal constitutional or federal statutory rights, not state law.") (citing 42 U.S.C. § 1983, and Galen, 477 F.3d at 662.).

Moreover, the federal equivalent of CMIA, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996), provides no private right of action, United States v. Streich, 560 F.3d 926, 935 (9th Cir. 2009), and therefore cannot provide grounds for a Section 1983 claim. See Huling, 869 F. Supp. 2d at 1154 (citations omitted).

For these reasons, this court finds that the allegations of the complaint fail to state a federal claim,[2] and that the deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114,

---

[2] Plaintiff may be able to pursue his claim in state court if he can demonstrate more than speculative harm. CMIA authorizes a suit for money damages by "an individual . . . against a person or entity who has negligently released confidential information or records concerning him or her. . . ." Cal. Civ. Code § 56.36(b).

3

1130 (9th Cir. 2013).  Further, because plaintiff has failed to state a cognizable claim for relief under federal law, this court should decline to exercise supplemental jurisdiction over plaintiff's putative state law claim.  See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

For these reasons, this court recommends that this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a cognizable federal claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE